UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUIS WILBERT BOYD, JR. | CIVIL ACTION |
| VERSUS | NO. 09-7641 |
| KELLY LASHER ET AL. | SECTION "I" (2) |

**REPORT AND RECOMMENDATION**

Plaintiff, Louis Wilbert Boyd, Jr., is a pretrial detainee currently incarcerated in the Nelson Coleman Correctional Center in Killona, Louisiana, awaiting trial in this court on various charges asserted against him in an indictment returned on March 5, 2009. United States v. Boyd, Crim. No. 09-63 "R"(5). The pending charges include cocaine possession and distribution, felon in possession of a firearm, and possession of firearms in furtherance of drug trafficking. Boyd's criminal trial is set to occur in this court on March 1, 2010. Crim. No. 09-63 "R"(5), Record Doc. No. 41.

In the above-captioned civil case, filed pro se and in forma pauperis on a form used by prisoners to assert complaints in this district pursuant to 42 U.S.C. § 1983, Boyd alleges that he was improperly taxed and overcharged for commissary items while incarcerated. Although the caption of his complaint identifies six (6) named defendants and two (2) unidentified "Doe" defendants, the only allegations made in this complaint

are against defendant Diane Rushing, whom plaintiff identified as "Operations Manager at Tiger Commissary Corr. Service" in Jonesboro, Arkansas. As to this defendant, Boyd alleges "price gouging" in that phone cards are "too expensive compared to other services, . . .T-shirts and other garments are twice or (3) three times more than in stores" and taxes are charged on commissary items, which plaintiff refers to as "taxation w/out [sic] representation." Record Doc. No. 3 (Complaint at ¶ IV). In the relief portion of his complaint, Boyd requests that the court "order Diane Rushing and Tiger Commissary Corr. Service to stop price gouging and charge prices to reflect prices common to K-Mart, Wal-Mart" and to "not tax incarcerated persons." Id. at ¶ V. No allegations of any kind are made in this complaint against any other named defendant.

Within one week of the date on which Boyd filed the above-captioned civil lawsuit, he filed seven (7) other civil complaints pursuant to Section 1983. In all seven (7) suits, he named the same multiple defendants. Those suits are C.A. Nos. 09-7508 "R"(2), 09-7639 "I"(3), 09-7642 "J"(2), 09-7643 "A"(1), 09-7645 "C"(5), 09-7646 "I"(2) and 09-7647 "I"(5). It is clear from a review of the eight (8) complaints filed by Boyd in December 2009, however, that the particular allegations made against particular defendants are in fact segregated in each separate suit and that Boyd's attempt to name all defendants in all of his suits is duplicative and redundant. Specifically, (1) all claims against Judge Moore are made in C.A. No. 09-7642 "J"(2) and no other case;

2

(2) all claims against Judge Vance are made in C.A. No. 09-7643 "A"(1) and no other case; (3) all claims against Judge St. Pierre are made in C.A. No. 09-7645 "C"(5) and no other case; (4) all claims against United States Marshal's deputy Kelly Lasher are made in C.A. No. 09-7508 "R"(2) and no other case; (5) all claims against Diane Rushing are made in C.A. No. 09-7641 "I"(2) and no other case; (6) all claims concerning the alleged failure of a deputy United States marshal or other prison official to transport Boyd to his sister's funeral are asserted in C.A. No. 09-7646 "I"(2) and no other case; (7) all claims concerning various conditions of Boyd's confinement at Nelson Coleman Correctional Center against officials of that prison, including Warden John Nowak (identified by plaintiff as "Maj Nowack") and an unidentified medical director, are made in C.A. Nos. 09-7639 "I"(3) and 09-7647 "I"(5) and no other case.

## ANALYSIS

I.  STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim. 28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks

4

monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's Section 1983 complaint may be dismissed either under 28 U.S.C. § 1915(e) as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading.[1]

## II.    NO RIGHT TO COMMISSARY

Boyd complains that he was improperly taxed and overcharged for commissary items. Plaintiff has no constitutional right to commissary privileges. Numerous courts that have considered claims like Boyd's that prices of prison commissary items are too high have held that such allegations fail to state a claim of violation of constitutional rights cognizable under Section 1983. E.g., McCall v. Keefe Supply Co., 71 Fed. Appx. 779, 2003 WL 21716435, at *1 (10th Cir. 2003); Tokar v. Armontrout, 97 F.3d 1078, 1083 (8th Cir. 1996); French v. Butterworth, 614 F.2d 23, 25 (1st Cir. 1980); Armstrong v. Broadus, No. 1:08CV225HSO-JMR, 2009 WL 3805552, at *9 (S.D. Miss. Nov. 6, 2009); Brown v. Gulash, No. 07-cv-370-JPG, 2009 WL 2144592, at *5 (S.D. Ill. July 16,

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

5

2009); Byrd v. L.C.S. Corr. Servs., Inc., No. 07-0029, 2007 WL 2156583, at *10 (W.D. La. Apr. 27, 2007) (Methvin, M.J.).

Because the factual allegations in this complaint are legally frivolous, and cannot state a cognizable Section 1983 claim as to any defendant, it is recommended that the complaint be dismissed in its entirety.[2]

### **RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

---

[2]This recommendation has no effect on the claims asserted against the defendants in the other cases identified above that Boyd filed simultaneously. The other cases remain pending as of this writing and are being separately addressed in each case.

6

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).³

New Orleans, Louisiana, this ___12th___ day of January, 2010.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

³Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.